UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE MARYLAND MARINE, INC.              CIVIL ACTION
                                         NO: 08-1560
                                         SECTION: "C" (2)

# ORDER & REASONS[1]

This matter is before the Court on motion for partial summary judgment by Maryland Marine, Inc., Higman Marine Services, Inc., and Higman Marine, Inc. ("Petitioners") seeking the dismissal of claims for loss of society by the relatives and the estates representing passengers of a pleasure craft who died in a collision with Petitioners' tug-barge unit in Alabama navigable waters. Rec. Doc. 59. Petitioners move the Court to determine (1) whether the general maritime law, not the Alabama wrongful death statute (Ala. 1975 Code §6-5-410), governs Claimants' claim, and (2) whether under the general maritime law, Claimants are entitled to damages for loss of society. The parties do not dispute that the general maritime law applies.[2] Rec. Doc. 59

---

[1] Alexandra Sloan, a second year student at Northwestern University School of Law, assisted in preparing this opinion.

[2] The parties agree for different reasons. Petitioners contend that Ala. 1975 Code §6-5-410 does not apply because federal maritime interests outweigh Alabama's interest in having its wrongful death statute apply in its entirety. Rec. Doc. 59 at 12, 14-18. In their opposition memorandum, Claimants argue that the statute does not apply because Petitioners' tug and the chemical barges in its tow at the time of the accident were engaged in traditional commercial maritime activity. Rec. Doc. 72 at 3. The parties agree that the collision occurred in Alabama navigable waters. Rec.

at 2; Rec. Doc. 72 at 2-3. Having considered the record, the memoranda, and the law, the Court concludes that as a matter of law Claimants may not recover damages for loss of society under the general maritime law for the following reasons.

## I. BACKGROUND

Petitioners filed this complaint under 46 U.S.C. § 183 et seq. to exonerate or limit damages payable to the decedents' representatives. Rec. Doc. 1; Rec. Doc. 7. Relatives and the estates representing the deceased craft passengers filed claims against Petitioners pursuant to the Court's May 22, 2008 Order. Rec. Doc. 12; Rec. Docs. 21-24. Claimants seek recovery of non-pecuniary damages for loss of society under the general maritime law. Rec. Doc. 72.

In the memorandum supporting their motion to dismiss Claimants' claim for loss of society damages, Petitioners argued that the general maritime law prohibits the recovery of loss of society damages for the wrongful death of a pleasure boat passenger who is neither a seaman nor a longshoreman in territorial waters. Rec. Doc. 59. Claimants opposed Petitioners' motion, reasoning that as a matter of law they are entitled to loss of society damages because no federal statute explicitly precludes such recovery. Rec. Doc. 72 at 3.

## II. LAW & ANALYSIS

A. Wrongful Death Under the General Maritime Law

The Supreme Court created a general maritime law wrongful death action in Moragne v. States Marine Lines, Inc., 398 U.S. 375 (1970), overruling The Harrisburg, 119 U.S. 199 (1886) which barred recovery based on the common law of England. At the time, representatives of a person killed at sea could seek damages under (1) the Death on the High Seas Act ("DOHSA"),

---

Doc. 59-3 at 1; Rec. Doc. 72-2 at 1

46 U.S.C. § 30302-30303, enacted in 1920, for the death of any person killed more than three nautical miles from shore; (2) the Jones Act, 46 U.S.C. § 30104, enacted the same year, for the death of a seaman killed in any waters caused by the negligence of the seaman's employer; and (3) a state wrongful death statute, for the death of a person who died in territorial waters in circumstances covered by the statute.

None of these routes were available to the plaintiff in Moragne. DOHSA did not apply because her deceased husband was killed less than three nautical miles from shore, and the Jones Act did not apply because he was a longshoreman, not a seaman. Moragne, 398 U.S. at 376. Finally, Florida's statute did not apply because, like many state wrongful death statutes, it was geared toward land accidents and did not provide a cause of action for unseaworthiness. Id. at 401, n. 15. To fill this loophole, the Moragne court created a cause of action for wrongful death "caused by violation of maritime duties."[4] Id. at 409. While it did not specify the scope of who could commence that action, the Supreme Court later held that it covered seamen killed in territorial waters in addition to longshoremen. Miles v. Apex Marine Corp., 498 U.S. 19, 30 (1990). Neither court addressed whether the new cause of action covered the wrongful deaths of nonseafarers [5] killed in territorial waters.

### B. Loss of Society Damages for Wrongful Death

#### 1. Under DOHSA

---

[4] Recently, the Supreme Court broadened the Moragne general maritime wrongful death action caused by unseaworthiness to include those caused by "negligent" breach of a maritime duty of care. Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811, 820. It emphasized that this decision was "new only in the most technical sense." Id. at 811.

[5] "Nonseafarer" refers to a person who is neither a Jones Act seaman nor a longshoreman covered by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205, n. 2 (1996).

3

Loss of society damages are not recoverable under DOHSA. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618 (1978). The statute explicitly provides for "pecuniary" damages and does not mention other types of damages. 46 U.S.C. § 30303. Although policy arguments existed in favor of loss of society damages for representatives of helicopter passengers who died beyond three nautical miles from shore, the Supreme Court reasoned that "Congress has struck the balance for us," and concluded that DOHSA "limited survivors to recovery of their pecuniary losses." Higginbotham, 436 U.S. at 623.

    2. Under the Jones Act

Loss of society damages are not recoverable under the Jones Act. Miles, 498 U.S. at 32. The Jones Act does not specify the damages available for wrongful death actions. However, the Miles court noted that the Act incorporated the recovery provisions of the Federal Employers' Liability Act (FELA), which it interpreted as providing only for pecuniary damages. Id. (citing Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 69-71 (1913). The Miles court concluded that by "incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well." 498 U.S. at 32.

    3. Under State Wrongful Death Statutes

To recover loss of society damages under a state's wrongful death statute, claimants must first show that the deceased was killed in territorial waters and that the state statute applies as opposed to federal statutory or judge-made law. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199. The potentially applicable statute may not conflict with federal maritime principles. Id. at 215, n. 13. If the state statute is applicable, claimants must then show that the circumstances of the death meet the elements of the state statute. In Yamaha, the parents of a

twelve year-old nonseafarer killed in territorial waters while using a jet ski sued the jet ski manufacturer for defective design under Pennsylvania's wrongful death and survival statute. 516 U.S. 199. The Supreme Court held that the statute applied because the Moragne cause of action did not invalidate state wrongful death statutes, and because no federal statute was applicable and the Pennsylvania statute did not conflict with federal maritime policies. Id. It held that the parents could seek damages under the state wrongful death statute. Id. at 216. See also American Dredging Co. v. Lambert, 81 F.3d 127 (11th Cir. 1996)(holding that Florida wrongful death statute applied where families of nonseafarer motorboat passengers who died in Florida waters because of the negligent operation of a dredge pipeline claimed non-pecuniary damages). Claimants rely on Yamaha's suggestion that Moragne placed a "floor" on recovery for wrongful death rather than a "ceiling." Rec. Doc. 72 at 11 (citing Yamaha, 516 U.S. at 213-214). However, the Yamaha court made that suggestion in the context of the specific issue of whether Moragne eliminated state remedies, "launch[ing] a solitary federal regulatory scheme." Yamaha, 516 U.S. at 210. The parties agree that Alabama's wrongful death statute, Ala. 1975 Code §6-5-410, does not apply in this case. Rec. Doc. 59; Rec. Doc. 72. Therefore available remedies under Alabama's wrongful death statute are not at issue, and Yamaha's interpretation of Moragne in that instance does not apply to this case.

        4. Under the General Maritime Law

The Moragne court declined to address the scope of damages under the new general maritime law wrongful death action. Scarborough v. Clemco Indus., 391 F.3d 660, 666 (5th Cir. 2004). Courts have awarded loss of society damages in limited circumstances, depending on the

decedent's status.[6] This Court concludes that loss of society damages are not recoverable by representatives of nonseafarers killed in territorial waters under the general maritime law.

In <u>Sea-Land Servs., Inc. v. Gaudet</u> the dependent widow of a longshoreman could recover loss of society damages in a wrongful death action under the general maritime law. 414 U.S. 573 (1974). The Supreme Court framed the decision as part of maritime law's "special solicitude for those injured within its jurisdiction." <u>Id.</u> at 588. <u>See also</u> <u>Randall v. Chevron U.S.A., Inc.</u>, 13 F.3d 888, 903 (5th Cir. 1994)(overruled on other grounds)(holding that survivors of a longshoreman killed in Louisiana waters were entitled to loss of society damages under <u>Gaudet</u>); <u>American Export Lines, Inc. v. Alvez</u>, 446 U.S. 274, 276 (1980)(extending <u>Gaudet</u> to hold that loss of society damages were available to the spouse of an injured longshoreman).

Claimants argue that <u>Gaudet</u> applies in the present case. They argue that the <u>Gaudet</u> court awarded loss of society damages under maritime law because the spouse could not recover damages under any state or federal statutes. Claimants point to a recent Supreme Court case holding that punitive damages were recoverable for tort actions under the Clean Water Act because there was "no clear indication of congressional intent to occupy the entire field of pollution remedies." <u>Exxon Shipping Co. v. Baker</u>, --- U.S. ---, 128 S. Ct. 2605, 2619 (2008). They note that like the Clear Air Act, the corpus of federal wrongful death statutes, including DOHSA, the Jones Act, and the Longshoremen's and Harbor Workers' Compensation Act, 33

---

[6] Loss of society awards may also depend on whether the claimants were dependent on the decedent. The circuits are split on this issue. <u>See, e.g.,</u> <u>American River Transp. Co. v. U.S. Maritime Servs., Inc.</u>, 490 F.3d 351, 356 (5th Cir. 2007)(holding that the nondependent survivors of a longshoreman or harbor worker killed in territorial waters could not recover loss of society damages; <u>but see</u> <u>Sutton v. Earles</u>, 26 F.3d 903, 914-15 (9th Cir. 1994)(holding that dependency was irrelevant because <u>Gaudet</u> remained silent on the issue). In the present case, three of the four claimants are the children or siblings of the decedents. Rec. Docs. 21-23. The claimant of the fourth decedent did not indicate her relationship. Rec. Doc. 24. Neither Petitioners nor Claimants raised the dependency issue in their respective summary judgment and opposition to summary judgment memoranda. Rec. Doc. 59; Rec. Doc. 72; Rec. Doc. 95, Rec. Doc. 130. Therefore, this Order and Reasons addresses only the threshold question of whether decedents' status as nonseamen precludes loss of society recovery.

U.S.C. § 901 et seq., ("LHWCA"), enacted in 1927, do not present "clear congressional intent to occupy the entire field of general maritime law" wrongful death remedies. Rec. Doc. 72 at 5.

This Court rejects Claimants' arguments based on (1) binding case law interpreting Gaudet and (2) the long-standing policy that maritime workers are the special wards of maritime law. First, the Supreme Court limited Gaudet to its facts, stating that the holding "applies only in territorial waters, and it applies only to longshoremen. Miles, 489 U.S. at 31. See also Randall, 13 F.3d at 903 ("[t]he limitation of the Gaudet rule to longshoremen injured in state territorial waters has been scrupulously observed."); Robertson v. Arco Oil and Gas Co., 766 F. Supp. 535, 539 (W.D. La.)(holding that a dependant of a longshoreman injured beyond territorial waters may not recover damages for loss of consortium), aff'd, 948 F.2d 132 (5th Cir. 1991).

In keeping with the Supreme Court's reading of Gaudet, the Eleventh Circuit held that the nondependent father of a nonseafarer minor killed in Alabama territorial waters was not entitled to loss of society damages under the general maritime law. Tucker v. Fearn, 333 F. 3d 1216, 1225 (11th Cir. 2007). Like the spouse in Moragne, who could not recover damages under DOHSA or the Jones Act because her husband was a longshoreman killed in territorial waters, the father in Tucker could not recover under either statute because his son was a nonseaman killed in territorial waters. The Eleventh Circuit "declin[ed] to fashion a rule that would permit [nonseamen's] survivors a more liberal recovery [than seamen's survivors] under general maritime law." Id. at 1222. See also Truehart v. Blandon, 672 F. Supp. 929 (E.D. La. 1987)(holding that nondependent parents and siblings may not recover for loss of society for the

7

death of a nonseaman who died in territorial waters and did not live with his parents or siblings).[7]

Second, maritime law has traditionally protected maritime workers. Claimants argue that as nonseafarers, decedents cannot pursue seamen's remedies for wrongful death under the Jones Act or workers' compensation benefits. Rec. Doc. 72 at 19. Claimants liken themselves to the longshoreman's widow in Moragne, stating that in the absence of statutory remedies, decedents "have only their general maritime law remedy." Id. This argument does not take into account that the Moragne common law remedy was grounded in the same principles as the maritime statutory remedies. The Supreme Court noted, "[t]hese principles included a special solicitude for the welfare of those men who undertook to venture upon hazardous and unpredictable sea voyages." Moragne, 398 U.S. at 387. Though the decedent was a longshoreman and not a seaman, the Moragne remedy recognized that he took similar risks as seamen. Similarly, Congress recognized that seamen faced risks like railway workers by incorporating the wrongful death action of the Federal Employers' Liability Act (FELA) into the Jones Act. Miles, 498 U.S. at 24. By enacting the LHWCA in 1927, Congress recognized the need to protect maritime workers like the decedent in Moragne who did not qualify as seamen under Jones Act's narrow definition. In fact, the Supreme Court has held that Gaudet is no longer applicable on its facts because of the LHWCA. Miles, 498 U.S. at 30 n. 1. The remedy in Moragne, like those of the Jones Act and the LHWCA, are geared toward maritime workers. Therefore, it does not

---

[7] Other circuits have also held that a non-dependant parent of a nonseafarer who died on a pleasure craft in territorial waters may not recover for loss of society under the general maritime wrongful death action. See Wahlstrom v. Kawasaki Heavy Indus., 4 F.3d 1084, 1085 (2d Cir. 1993)(holding that nondependent parents of a minor nonseafarer who died on allegedly defective pleasure craft in territorial waters could not recover loss of society damages in a maritime wrongful death action); Anderson v. Whittaker Corp., 894 F.2d 804, 811-12 (6th Cir. 1990)(holding that nondependent parents of a nonseafarer killed in a boat on territorial waters could not recover loss of society damages).

necessarily follow that a common law remedy for the survivors of nonseafarers exists.

The Supreme Court's most recent pronouncement on damages for maritime accidents reiterated the principle that maritime workers are the traditional wards of maritime law. Atlantic Sounding Co, Inc. v. Townsend, 557 U.S. ---, 2009 WL 1789469 (U.S., June 25, 2009). The Supreme Court affirmed the Eleventh Circuit's holding that a Jones Act seamen may recover punitive damages for the willful withholding of maintenance and cure under the general maritime law. Id. Thus, while a Jones Act seaman can only recover pecuniary damages in a wrongful death action under the Jones Act, he can recover punitive damages in a maintenance and cure general maritime law action. Claimants argue that this finding is evidence that the Jones Act and DOHSA do not constitute caps on the types of available damages for wrongful deaths at sea, contrary to the Miles uniformity principle, which Claimants contend has been "wide[ly] misconstrue[ed]."[8] Rec. Doc. 72 at 16. This argument falters for two reasons. First, the Atlantic Sounding holding rests on the tradition of awarding punitive damages at common law for particularly reprehensible conduct, and the fact that the tradition extends to claims under the general maritime law. Atlantic Sounding, 2009 WL 1798469 at *4-*5. The Supreme Court's exposé on punitive damages demonstrates that the type of damage at issue is relevant in maritime accident claims. Claimants did not attempt to analogize loss of society damages with punitive damages. Second, the plaintiff in Atlantic Sounding was a maritime worker, and the harm at issue was particular to maritime workers. Maritime employers' obligation of maintenance and cure has been part of maritime law for centuries. Id. at *6. Claimants did not draw similarities between maintenance and cure and the wrongful death of nonseafarers. Therefore, support for

---

[8] The Miles court and subsequent courts have reasoned that maritime law must be uniform in order to further national and international maritime interests, and particularly that courts should rely on the Jones Act and DOHSA to interpret maritime common law. See, e.g., Scarborough, 391 F.3d at 666.

9

the proposition that claimants are entitled to loss of society damages is lacking in both current case law and statute.

In the light of the movement of the law in this area, the Court is willing to consider the possibility of presenting the loss of society claim as a separate part of the damages sought in this case. No judgment would be entered on any award, however. This would avoid retrial in the event the law changes.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by Maryland Marine, Inc., Higman Marine Services, Inc., and Higman Marine, Inc., is GRANTED. Rec. Doc. 59.

It is FURTHER ORDERED that the parties advise the Court in writing within 10 days as to their willingness to include loss of society as a separate element of damages at trial, not to be included in any judgment under the current state of the law.

New Orleans, Louisiana, this 9th day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE